JOE SHIELDS
16822 Stardale Lane
Friendswood, Texas 77546
Phone: 281-482-7603



JOE SHIELDS IN PRO PER

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE SHIELDS | ) | CIVIL ACTION No. _____ |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NAVISS LLC D/B/A VSC | ) | COMPLAINT FOR CIVIL DAMAGES |
| ADMINISTRATION CENTER AND DAVID | ) | AND INJUNCTIVE RELIEF |
| E. SIMPSON INDIVIDUALLY | | |
| | ) | |
| Defendants | ) | Jury Trial Requested |

## ORIGINAL COMPLAINT

1. Plaintiff Joe Shields brings this action under 18 USC §2721 and 18 USC §2724 of the Driver's Privacy Protection Act of 1994 (hereinafter "DPPA") to obtain statutory civil damages, punitive damages, injunctive relief and any other equitable relief the Plaintiff is entitled to under the DPPA.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 18 USC §2721(b)(12), 18 USC §2724(a), 28 USC §1331 and 28 USC §1357. Federal Courts have federal question jurisdiction, 28 USC §1331, because this case is about a cause of action created by a federal statute namely 18 USC §2724(a).

Federal Courts have federal jurisdiction, 28 USC §1357, because this case is about an injury to a person under an Act of Congress namely 18 USC §2724(b)(12).

3.  Venue is proper in this District under 28 USC §1391(b)(2) because all or a substantial part of the events or omissions giving rise to the stated claim(s) occurred in Harris County, Texas.

DEFENDANTS

4.  NAVISS LLC d/b/a/ VSC Administration Center (hereinafter "NAVISS") is registered with the Texas Secretary of State as a Foreign Limited Liability Company registered to do business in Texas under Texas laws. The Defendant NAVISS may be served through the Texas registered agent of NAVISS by serving any employee of CT Corporation System via certified mail return receipt requested at 320 North Saint Paul Street, Suite 2900, Dallas Texas 75201-4234.

5.  Defendant David E. Simpson is the owner and sole managing member of NAVISS and acting alone or in concert with others, has formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint. The Defendant David E. Simpson may be served through the Texas registered Agent of NAVISS by serving any employee of CT Corporation System via certified mail return

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

receipt requested at 320 North Saint Paul Street, Suite 2900, Dallas Texas 75201-4234

<u>DEFENDANTS BUSINESS ACTIVITIES</u>

6.  The Defendants are sellers of service contracts for motor vehicles. The Defendants falsely claim they can "continue" or "extend" the manufacturer's warranty on Plaintiff's vehicle(s). Typically, the service contracts Defendants hawk to consumers contain extensive disclaimers which make the service contracts worthless[1].

7.  In attempting to sell a service contract to the Plaintiff, The Defendants have sent bulk marketing mailings to the Plaintiff which used Plaintiff's personal vehicle registration information which on information and belief originated from Texas Department of Motor Vehicles (hereinafter "Texas DMV") vehicle registration information data base.

8.  Defendant's purchased marketing lists that contained personal motor vehicle registration information. These lists are compiled from information obtained from the Texas DMV motor vehicle registration database. The buying and selling of such lists are not a violation of the statute. It is the **use** for a bulk marketing purpose that is a violation of the statute. Whether the list was purchased directly from the Texas DMV or from some 3rd party that purchased the motor vehicle

---

[1] http://www.usa.gov/topics/consumer/scams-fraud/cars/auto-warranty-scams.shtml

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

registration information from the Texas DMV is irrelevant. Again, it is the **use** of personal vehicle registration information for bulk marketing purposes without Plaintiff's consent that constitutes a violation of the statue.

<u>DEFENDANT'S MAILINGS</u>

9.  Plaintiff received Defendant's bulk marketing mailings that used Plaintiff's personal information from motor vehicle registration for bulk marketing purposes without Plaintiff's consent on 09/13/11 and 06/06/12. One such Defendant's mailing states:

Year: 2007

Make: Ford Explorer Sport

10. Plaintiff received yet another of Defendant's bulk marketing mailings that used Plaintiff's personal information from motor vehicle registration for bulk marketing purposes without Plaintiff's consent on 07/03/12. One such Defendant's mailing states:

Year: 2009

Make: Ford Escape

11. Plaintiff received yet another of Defendant's bulk marketing mailings that used Plaintiff's personal information from motor vehicle registration for bulk marketing purposes without Plaintiff's consent on 08/01/12. One such Defendant's mailing states:

Year: 2007

Make: Ford Ranger

12. The specific information of when Plaintiff purchased and/or registered a vehicle and any expiration of a manufacturer's warranty could only have come from Plaintiff's personal motor vehicle registration information. The specific information of what year and make of vehicle Plaintiff purchased and/or registered could only have come from Plaintiff's personal motor vehicle registration information. Plaintiff never provided consent for such use of Plaintiff's personal motor vehicle registration for bulk marketing purposes.

13. The mailings of 06/06/12 and 07/03/12 came after Plaintiff served Defendants with proper notice that Defendants' use of Plaintiff's personal vehicle registration information for bulk marketing purposes violated the DPPA. The mailing of 08/01/12 came after Plaintiff served Defendants with a second notice that Defendants' use of personal vehicle registration information for bulk marketing purposes violated the DPPA. Defendants were served such notices via provable delivery confirmation. Thus, Defendant willfully and recklessly violated the DPPA.

14. Further, Defendant's mailings are deceptive. Defendant's mailings state "2ND ATTEMPT" which is factually false. There was never any 1st attempted mailing. In addition the mailings state

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

that Defendants can "continue coverage" or "extend coverage" which is also factually false. Defendants have no relationship with the manufacturer of Plaintiff's vehicle and thus cannot "continue" or "extend" any manufacturer's warranty.

THE DPPA

15. It is not a permissible use under the DPPA to use personal motor vehicle registration information for bulk marketing purposes unless the State has obtained the express consent to whom such personal information pertains.

> Permissible uses: "*For bulk distribution for surveys, marketing or solicitations **if the State has obtained the express consent of the person to whom such personal information pertains.***" 18 USC §2721(b)(12)

The Texas DMV has never obtained express consent from the Plaintiff or anyone else for the purpose enumerated in 18 USC §2721(b)(12).

16. The DPPA provides for a Civil Cause of Action for ***using*** (emphasis added) personal information from a motor vehicle record:

> "*A person who knowingly obtains, discloses **or uses** (emphasis added) personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains, who may bring a civil action in a United States district court.*" 18 USC §2724(a)

17. The DPPA provides for statutory liquidated damages of $2,500.00 for each violation of the statute, punitive damages upon proof

of willful or reckless disregard of the statute, litigation costs and other relief such as injunctive relief against further violations of the statute as the court determines.

18. In the context of the DPPA, to act knowingly is to act with knowledge of the facts that constitute the offense. Defendants knew that vehicle registration information was used for bulk marketing purposes. Certainly, Defendants acted willfully and recklessly after Plaintiff's notice of September 3rd, 2011.

19. The information obtained and used by the Defendant for bulk marketing purposes constitutes "motor vehicle record" and "personal information" within the meaning of the DPPA, 18 U.S.C. §2725(1) and 18 U.S.C. §2725(3). Defendant's **using** (emphasis added) such information is unauthorized by the DPPA and unlawful. Each instance of use of personal information from motor vehicle records knowingly used for bulk marketing purposes is a separate and distinct violation of the DPPA, remediable under the DPPA, 18 U.S.C. §2724.

## VIOLATIONS OF THE DPPA

### Count I

20. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about 09/13/2011 the Defendants sent a bulk marketing mailing addressed to the Plaintiff which used Plaintiff's personal information from Plaintiff's motor vehicle registration. There

was no express consent from Plaintiff for anyone to use Plaintiff's personal information from motor vehicle registration for bulk marketing purposes. Thus Defendants use of Plaintiff's personal motor vehicle registration information for bulk marketing purposes is a violation of 18 USC §§ 2721(b)(12).

## Count II

21. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about 06/06/2011 the Defendants sent a bulk marketing mailing addressed to the Plaintiff which used Plaintiff's personal information from Plaintiff's motor vehicle registration. There was no express consent from Plaintiff for anyone to use Plaintiff's personal information from motor vehicle registration for bulk marketing purposes. Thus Defendants use of Plaintiff's personal motor vehicle registration information for bulk marketing purposes is a violation of 18 USC §§ 2721(b)(12).

## Count III

22. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about 07/03/2011 the Defendants sent a bulk marketing mailing addressed to the Plaintiff which used Plaintiff's personal information from Plaintiff's motor vehicle registration. There

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

was no express consent from Plaintiff for anyone to use Plaintiff's personal information from motor vehicle registration for bulk marketing purposes. Thus Defendants use of Plaintiff's personal motor vehicle registration information for bulk marketing purposes is a violation of 18 USC §§ 2721(b)(12).

Count IV

23. Plaintiff realleges and incorporates the allegations as set forth above as though fully set forth herein. On or about 08/01/2011 the Defendants sent a bulk marketing mailing addressed to the Plaintiff which used Plaintiff's personal information from Plaintiff's motor vehicle registration. There was no express consent from Plaintiff for anyone to use Plaintiff's personal information from motor vehicle registration for bulk marketing purposes. Thus Defendants use of Plaintiff's personal motor vehicle registration information for bulk marketing purposes is a violation of 18 USC §§ 2721(b)(12).

APPLICABLE TO ALL COUNTS

24. Plaintiff has suffered actual damages for the unauthorized use of his personal vehicle registration information. The DPPA states that an individual may bring a civil action against a person who knowingly uses personal information from a motor vehicle record for a purpose not permitted by the DPPA for

actual or statutory damages. Pursuant to 18 USC §2724, Plaintiff is entitled to bring this civil action against the Defendant for violations of the DPPA.

25. Pursuant to 18 USC §2724, Plaintiff hereby seeks statutory liquidated damages of $2,500.00 for each instance of unauthorized use of Plaintiff's personal motor vehicle registration records for bulk marketing purposes in violation of the DPPA such amount being ten thousand dollars ($10,000.00), a sum which Plaintiff alleges to be within the jurisdictional limits of this Court.

26. In addition, Plaintiff alleges that the violations of the DPPA committed by the Defendants were done willfully or recklessly. Plaintiff thus seeks additional punitive damages in an amount determined by the Court to be equal to or greater than the amount found by the Court in accordance with Paragraph 25 hereof a sum which Plaintiff alleges does not exceed the jurisdictional limits of this court.

27. Plaintiff further alleges that Defendants will continue to harm Plaintiff and others by refusing to comply with the statutes ban on the use of personal vehicle registration information for bulk advertising purposes. Consequently, Plaintiff believes an injunction is necessary to ensure Defendant's compliance with the DPPA. Plaintiff hereby seeks an injunction barring the Defendants from continuing to

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

violate the DPPA by using personal vehicle registration information for bulk marketing purposes.

### PRAYER FOR RELIEF

28. WHEREFORE, premises considered, Plaintiff prays that the Defendant be cited to appear and answer herein and that upon trial hereof Plaintiff recover a judgment of and from the Defendants equally and severally for his damages as allowed by law, additional punitive damages as allowed by law, injunctive relief as allowed by law, costs of court and for all such other and further relief, at law and in equity, to which Plaintiff may show himself justly entitled.

_Joe Shields_
_____
Joe Shields
Plaintiff Pro Per
16822 Stardale Lane
Friendswood, Texas 77546
Home: 281-482-7603